IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 05-2323-TUC-CKJ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph A. Norris, ) | |
| Defendant. ) | |

    Pending before the Court is Defendant's "Motion for Reconsideration of Court's Order Denying Motion to Suppress." *See* Doc. #20. Defendant only asks the Court to reconsider the portion of the Order (Doc. #19) finding that there was probable cause to seize the modified rifle without a warrant. Specifically, Defendant argues that the plain view exception does not apply because the evidentiary value of the modified rifle was not "immediately apparent" to Officer Hall. Defendant cites no authority whatsoever in his Motion for Reconsideration to support his position. Rather, Defendant rehashes the testimony which was previously presented to the Court during the Motion to Suppress hearing, and essentially argues that because Officer Hall's testimony reflects that he was not 100% certain that the modified rifle was a violation of federal law, he was prohibited from seizing the weapon because the evidentiary value was not "immediately apparent."

The relevant facts and law have already been addressed in detail in the Court's previous Order; as that Order made clear, contrary to Defendant's legally unsupported position[1], absolute certainty as to a violation of the law is not required to meet the "immediately apparent" requirement of the plain view exception.  The requirement that the evidentiary value of an item be "immediately apparent" was satisfied in this case.  As emphasized by the Supreme Court, the "immediately apparent" requirement is equated with "probable cause." *Texas v. Brown*, 460 U.S. 730, 741 (1983).  It does not mean, as Defendant asserts without authority, that the officer actually "know" that items are illegal or otherwise evidence of a crime.  *Id.*  Rather, it simply requires that there is "probable cause to associate the property with criminal activity."  *Id.* at 741-742 (internal quotes and citation omitted).  In *Brown*, the Supreme Court rejected a Texas Court of Appeals decision rigidly applying the phrase "immediately apparent":

> But the Court of Criminal Appeals, as we have noted, felt the state's case ran aground on the requirement that the incriminating nature of the items be "immediately apparent" to the police officer.  To the Court of Appeals, this apparently meant that the officer must be possessed of near certainty as to the seizable nature of the items. Decisions by this Court since *Coolidge* indicate that the use of the phrase "immediately apparent" was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the "plain view" doctrine . . . the Court [does] not view the "immediately apparent" language from *Coolidge* as establishing any requirement that a police officer "know" that certain items are contraband or evidence of a crime . . . As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief . . . that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required . . . The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same-and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.

*Id.*

---

[1] Defendant failed to cite any authority to support this position in the Motions to Suppress (Doc. #11 and #12) and his Motion for Reconsideration (Doc. #20).

1    Further, numerous courts have found that because the <u>legal</u> possession of modified
2 firearms is rare (even though it is not automatically illegal), there is probable cause justifying
3 their seizure under the plain view exception as the evidentiary value of such items is
4 "immediately apparent." *See*, *e.g.*, *Porter v. U.S.*, 335 F.2d 602, 607 (9th Cir. 1964), *cert.
5 denied*, 379 U.S. 983 (1965)("It may be that if an officer . . . discovers in his [valid] search
6 other things of an intrinsically innocent nature . . . he would have to obtain . . . [a] warrant
7 before he could lawfully seize those other things. But a sawed-off shotgun in private hands
8 is not an intrinsically innocent object. The possession of it is a serious crime, except under
9 extraordinary circumstances . . . the discovery of the sawed-off shotgun would have
10 warranted officers of reasonable caution in the belief that an offense was being committed
11 . . . The Constitution does not require law enforcement officers to play make believe. What
12 the officers discovered, in their lawful search . . . was reasonably believed by them to be
13 contraband, and it was their duty to seize it."); *U.S. v. Cecil*, 457 F.2d 1178, 1180 (8th Cir.
14 1972)(finding that the warrantless seizure of a sawed-off shotgun was valid as "observation
15 of the gun gave probable cause for the reasonable belief [of] a crime . . . We know of no rule
16 which requires an officer to have knowledge of all elements of the crime when he views an
17 article which reasonably appears to be contraband."); *U.S. v. Truit*, 521 F.2d 1174, 1777 (6th
18 Cir. 1975)("A sawed-off shotgun, properly registered to its owner, is not contraband, but its
19 lawful possession is, in ordinary experience, rare indeed. There is very little legitimate use
20 for such a weapon. The question is one of probability . . . It is enough . . . to hold as did the
21 trial judge here that:'I think it is a matter that is pretty common knowledge, sawed-off
22 shotguns are not used by the average law abiding citizen of this community.'"; finding there
23 was probable cause for the seizure of a modified weapon under the plain view exception);
24 *U.S. v. Wilson*, 524 F.2d 595, 598 (8th Cir. 1975), *cert. denied* 424 U.S. 945 (1976)(even
25 though officers could only see six inches of a gun barrel protruding from a duffel bag in plain
26 view, and therefore did not know with certainty if the shotgun was of an illegal length, the
27 plain view seizure of the shotgun was nonetheless valid as the evidentiary value of the gun
28 was immediately apparent as the portion of the barrel in plain view was sawed-off); *U.S. v.*

*Wickizer*, 633 F.2d 900, 902 (6th Cir. 1980), *cert. denied*, 450 U.S. 935 (1981)(generally, modified rifles are "obviously contraband" subject to seizure under the plain view exception).

Accordingly, as discussed in the previous Order, even though Officer Hall was not absolutely certain that the modified rifle in question violated federal law, his testimony nonetheless reflected that the evidentiary value of the modified rifle was "immediately apparent" to him for purposes of the plain view exception.

Thus, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration is **denied**.

DATED this 24th day of March, 2006.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -